UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHRISTOPHER M. HARDISON,

    Plaintiff,

v.                                  Case No. 5:19-cv-418-TKW/MJF

HUBBARD, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to pay the filing fee and failure to comply with two court orders.[1]

**I.    Background**

Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983, against four Defendants: (1) Classification Officer Hubbard, (2) Chief of Security, Holland, (3) OFC Aaron Brent Roberts, and (4) Corporal Michael Rutherford. (Doc. 1).

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Plaintiff did not file a motion for leave to proceed *in forma pauperis*. He also did not pay the $400.00 fee (a $350 filing fee and $50 administrative fee). Therefore, on November 11, 2019, the undersigned directed Plaintiff to submit payment of $400.00 to the clerk of the court or file a motion for leave to proceed *in forma pauperis*. (Doc. 3). The undersigned directed the clerk of the court to send Plaintiff a blank motion for leave to proceed *in forma pauperis*. (*Id.*). The undersigned imposed a deadline of December 12, 2019 to comply. The undersigned also warned Plaintiff that failure to comply likely would result in dismissal of this action for failure to pay the filing fee, failure to properly seek leave to proceed *in forma pauperis*, failure to comply with a court order, and/or failure to prosecute. (*Id.*).

Plaintiff did not comply with the undersigned's order.[2] Accordingly, on December 27, 2019, the undersigned issued an order to show cause directing Plaintiff to explain why he had failed to pay the filing fee or move for leave to proceed *in forma pauperis*. (Doc. 6). The undersigned imposed a deadline of January 27, 2020 to comply. The undersigned again warned Plaintiff that his failure to comply with the court's order likely would result in dismissal of this action for failure to comply with a court order and failure to prosecute.

---

[2] It appears that Plaintiff was released or transferred from Bay County Jail because the undersigned's two orders and the clerk of the court's "Notice to Pro Se litigant" have been returned undeliverable. (Docs. 4, 5, 7). Plaintiff has not updated his address with this court.

As of the date of this report and recommendation, Plaintiff has failed to file a motion for leave to proceed *in forma pauperis* or submit payment of $400 to the clerk of the court, and he has failed to explain why he did not comply with the undersigned's orders.

## II.   Discussion

The undersigned recommends that Plaintiff's complaint be dismissed in light of Plaintiff's failure to pay the filing fee and his failure to comply with two court orders.

### A.   Failure to Pay the Filing Fee

The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), was enacted "[i]n an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). In pursuit of that goal, the PLRA amended portions of 28 U.S.C. § 1915 to require the payment of filing fees by prisoners proceeding in the district court. *Id.* The PLRA "clearly and unambiguously requires" payment of the filing fee, even if that is done in installments. *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting 28 U.S.C. § 1915(b)(1)); *see Wilson v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2002) (citing 28 U.S.C. § 1915(3)(b)(1)). Thus, a "party who files . . . a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.3.

Local Rule 41.1 for the Northern District of Florida provides that the court may dismiss a claim if a party fails to comply with an applicable rule or court order. N.D. Fla. Loc. R. 41.1. But before a court may dismiss an action for failure to pay the filing fee, the court must first afford the plaintiff an opportunity to explain the failure. *See Wilson*, 313 F.3d at 1320-21; *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). If a prisoner-litigant "does not comply with the district court's directions" to pay the filing fee or complete a motion to proceed *in forma pauperis* nor offers an explanation for his failure to do so, "the district court must presume that the prisoner is not a pauper, assess the entire filing fee, and dismiss the case for want of prosecution." *Bomer v. Lavigne*, 76 F. App'x 660, 661 (6th Cir. 2003).

Here, the undersigned ordered the Plaintiff to either pay the filing fee or file a motion for leave to proceed *in forma pauperis*. (Doc. 3). The undersigned warned the Plaintiff that the failure to comply with the court's order likely would result in dismissal of this action. (*Id.*). The undersigned subsequently issued an order to show cause, giving the Plaintiff thirty days to explain why he failed to pay the filing fee or submit a motion for leave to proceed *in forma pauperis*. (Doc. 6); *See Wilson*, 313 F.3d at 1320-21; *see also Thomas*, 745 F.3d at 312-13. In that order, the undersigned again warned the Plaintiff that his failure to pay the filing fee, seek leave to proceed *in forma pauperis*, or explain his failure to comply with the court's

previous order likely would result in dismissal of this action. (*Id.*). Despite these warnings and an opportunity to explain his failure to comply, Plaintiff has neither explained his failure nor paid the filing fee. For this reason, the undersigned recommends that this case be dismissed without prejudice.

### B. <u>Failure to Comply with Two Court Orders</u>

The Plaintiff's failure to comply with two court orders is yet another reason to dismiss this case.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to

prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On November 12, 2019, the undersigned ordered Plaintiff to pay the filing fee or properly move for leave to proceed *in forma pauperis*. The undersigned imposed a deadline of December 12, 2019 to comply. Thus, Plaintiff has failed to comply with that order since December 12, 2019.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

      a.    the order issued on November 12, 2019; and

      b.    the order issued on December 27, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 3, 6). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary

remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not complied with the undersigned's orders. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (noting that Plaintiff's "failure to receive the court's prior order, and his failure to comply with that order was 'entirely' his own fault" because he failed to keep the court apprised of his current address).

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, Plaintiff may elect to refile his claim should he choose to pursue it in the future. Thus, dismissal will not result in substantial prejudice to him.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

**(6) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such

as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Because Plaintiff has failed to apprise this court of his updated mailing address, it is likely that any future order directing Plaintiff to comply would be returned undeliverable and Plaintiff would still fail to comply with the court's order. Accordingly, dismissal without prejudice is an appropriate sanction to address the important interests discussed above.

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee and his failure to comply with two court orders.
2. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida this 31st day of January, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.